In the Matter of FRANK J. KLUCSERITS, Petitioner, v RICHARD C. LLOPE, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Third Department, November 26, 1975

410

*Michael Le Sawyer* for petitioner.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for respondent.

MAIN, J. At about 12:30 P.M. on December 21, 1973 the petitioner, driving his International Scout vehicle in the City of Hudson, brought his vehicle to a stop at the intersection of Warren and South Fifth Streets when faced with a red light. While waiting for the light to change, petitioner noticed a lady pedestrian on the curb near the crosswalk, apparently about to cross South Fifth Street from east to west. After permitting two eastbound cars to pass, petitioner proceeded to make a left-hand turn to head south into South Fifth Street, a one-way street, and struck the pedestrian, causing injuries which resulted in her death. At the time of the accident, it was raining, cold and foggy, and visibility was poor. The respondent revoked petitioner's license and granted him permission to apply for a new license only after the expiration of six months for a violation of section 1154 of the Vehicle and Traffic Law.

While the petitioner's version of the accident suggests that the pedestrian walked suddenly in front of him, thereby rendering it impossible for him to avoid the accident, he admittedly saw the pedestrian about to enter the crosswalk with her umbrella held in such a position as to obscure her view to some extent. Under these circumstances, and with unfavorable weather conditions existing which impaired visibility, the due care called for by section 1154 of the Vehicle and Traffic Law dictated that claimant wait or sound a warning of his approach or that he proceed at an even slower rate of speed than he did. There is substantial evidence to support the determination that petitioner violated section 1154 of the Vehicle and Traffic Law in failing to use due care. In our view, however, the commissioner abused his discretion in imposing a revocation for six months which, under the conditions imposed, could result in an even longer period for petitioner to be without a license. While we recognize that the commissioner is charged with the responsibility of protecting the traveling public from wanton, reckless and errant operation and should, therefore, be given wide discretion in assaying punishment (cf. *Matter of Butterly & Green v Lomenzo,* 36 NY2d 250), we find the penalty here to be "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" *(Matter of Muratore v Hults,* 24 AD2d 830). There was no evidence or even a question of drinking, no evidence of excessive speed; no evidence of a callous disregard of pedestrians or other users of the highway, but rather, a mistake in judgment or an error in calculating the danger. While the result was a regrettable tragedy of most serious consequence, revocation for an extended period of time does not seem necessary or vital for the protection of society at large.

The determination should be modified, by reducing the penalty from revocation of the license to a 60-day suspension, and, as so modified, confirmed, without costs.

HERLIHY, P. J., GREENBLOTT, LARKIN and REYNOLDS, JJ., concur.

Determination modified, by reducing the penalty from revocation of the license to a 60-day suspension, and, as so modified, confirmed, without costs.