■ In the Matter of EDWARD M. RUSSELL, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of the Department of Motor Vehicles of the State of New York, et al., Respondents. —Harvey, J.

On September 29, 1985, petitioner was operating a motor vehicle northbound on State Route 12 in Lewis County when he struck a 20-month-old infant who darted out onto the highway. The child died as a result of the accident. Petitioner was not issued any traffic tickets as a result of the accident. There was no evidence of prior vehicular infractions. However, the Department of Motor Vehicles held a hearing pursuant to Vehicle and Traffic Law § 510 to investigate the fatal accident. After hearing the evidence, the Administrative Law Judge (hereinafter ALJ) concluded that petitioner had violated Vehicle and Traffic Law § 1180 (e) by failing to reduce his speed when he entered an area of sun-impaired vision. A 90-day suspension of petitioner's license was ordered. Upon administrative review, the Administrative Appeals Board concluded that petitioner's "speed had little or nothing to do with the accident, nor did the glare from the sun but rather [petitioner's] inattention to what was going on in front of him". The Board thus modified the ALJ's determination by substituting a violation of Vehicle and Traffic Law § 1146 in the place of the violation of Vehicle and Traffic Law § 1180 (e). The Board otherwise affirmed the ALJ's decision and disposition. The Board's disposition was approved by respondent Commissioner of Motor Vehicles. This CPLR article 78 proceeding followed.

Vehicle and Traffic Law § 1146 (former § 1154, renum by L 1984, ch 429) requires every driver to "exercise due care to avoid colliding with any * * * pedestrian * * * upon any roadway". While the term "due care" is not defined in the statute, the cases connote a standard of reasonableness under the circumstances (see, Matter of Klucserits v Llope, 49 AD2d 409, 411; Matter of Kilroy v Tofany, 33 AD2d 1092). In enforcing the standards set forth in this statute a primary goal of the Commissioner is to remove unsafe drivers from the highways (see, Matter of Klucserits v Llope, supra, at 411). The

Commissioner's determination in this respect will be upheld on judicial review if it is supported by substantial evidence *(see, Matter of McKenzie v Fisher,* 39 NY2d 103, 104-105).

Petitioner was driving on a two-lane State highway at a speed less than the legal limit in a rural nonresidential area. About 500 feet before the accident, petitioner drove into an area in which he had to face the glare of a lowering sun. The glare was from his left front. He adjusted his visor and raised his left hand to minimize the glare. By doing so he was able to focus on the road in front of him. He was aware of the fact that his front-seat passenger had also raised her hand to the sun visor on her side. Neither the driver, the front-seat passenger nor the rear-seat passenger saw the child before the accident. A thump was heard and the car was brought to a stop. Only then was it discovered that the child had been struck.

There was an eyewitness to the accident. He was the driver of a vehicle which was following petitioner and gradually closing the distance between the vehicles. When he was, in his estimation, 200 to 300 feet behind petitioner's vehicle, but before his vision was subjected to the sun's glare, he saw the infant within 10 to 15 feet from the left-hand side of the road. She was running in a direction to cross the road but at a slight angle toward the front of petitioner's car. The investigating police officer testified that the point of impact was between the left front headlight and the radiator grille. He also testified that the child's head, at the point of impact, would have been at that level had she been standing upright. The impact was in petitioner's lane of traffic near the center line.

In our view respondents have resorted to mistaken and unreasonable inferences. The Board, in deciding that petitioner was inattentive, found as fact that he had looked at his rear-seat passenger immediately before impact. That was contrary to the evidence. The passenger that petitioner observed was the front-seat passenger. The inference that he was inattentive because he was aware of the fact that the front-seat passenger had her hand on the sun visor does not take into consideration the well-known fact that peripheral vision permits observations to the right without losing focus on the road ahead. Neither does respondents' inquiry into the facts demonstrate the role which the outside mirror and the door-frame may have played and probably did play in obstructing petitioner's view under the circumstances of this case.

Due care is that care which is exercised by reasonably

prudent drivers. It is not that degree of care which guarantees that a driver will avoid any accident no matter what the circumstances might be *(see, e.g., Matter of Kernaghan v Fisher,* 50 AD2d 695; *Matter of Kilroy v Tofany, supra).* There is no duty under the physical situation as it existed, i.e., on a rural highway near neither a populated area nor crosswalks, for a driver to look out the side windows to his left and right to be on heightened guard for pedestrians. Nor is it reasonable to assume that petitioner was inattentive for failing to see that which the eyewitness observed. That witness did not have the sun to contend with and his field of vision was greater. By looking well ahead of his car, as drivers must do, the witness could see the infant in his forward vision. On the other hand, petitioner's prudent act of looking well ahead of his car at the road on which he was traveling left the infant out of his field of vision. Further, the infant entered the road from approximately the same direction from which the sun was shining brightly. It certainly would not have been prudent for petitioner to be staring into the sun while attempting to operate his vehicle. Here, as in the case of *Matter of Kernaghan v Fisher (supra),* the evidentiary facts cited by respondents as supporting the ultimate factual determination that petitioner was inattentive either do not exist at all in the record or are based on unduly speculative inferences. Accordingly, the determination should be annulled and the matter remitted to the Commissioner to expunge any reference to this violation from petitioner's driving record.

Determination annulled, with costs, petition granted and matter remitted to respondent Commissioner of Motor Vehicles for further proceedings not inconsistent with this court's decision. Kane, J. P., Weiss, Levine, Harvey and Mercure, JJ., concur.