The People of the State of New York, Respondent,
against
Douglas G. Gonzalez, Appellant.


Douglas G. Gonzalez, appellant pro se.
Monroe Town Prosecutor (Sarah Ramos of counsel), for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Monroe, Orange County (Steven I. Milligram, J.), rendered January 31, 2018. The judgment convicted defendant, after a nonjury trial, of failing to exercise due care to avoid colliding with a stopped emergency vehicle, and imposed sentence.
ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with failing to exercise due care to avoid colliding with a stopped emergency vehicle (Vehicle and Traffic Law § 1144-a [a]). The charge arose from an incident in which defendant's vehicle, when approaching a police vehicle parked on the right shoulder of a two-lane highway with its emergency lights activated, failed to move from the lane immediately adjacent to the right shoulder (i.e., the right lane) to the left lane. Following a nonjury trial, defendant was convicted as charged.
To the extent that defendant's contention on appeal may be construed as a challenge to the legal sufficiency of the evidence, it is unpreserved for appellate review, as defendant failed to move for a trial order of dismissal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 20-21 [1995]). In any event, the contention lacks merit. Vehicle and Traffic Law § 1144-a (a) provides, in relevant part:
"Every operator of a motor vehicle shall exercise due care to avoid colliding with an authorized emergency vehicle which is parked, stopped or standing on the shoulder or any portion of such highway and such authorized emergency vehicle is displaying [its lights]. For operators of motor vehicles on parkways or controlled access highways, such due care shall include, but not be limited to, moving from a lane which contains or is immediately adjacent to the shoulder where such authorized emergency vehicle . . . is parked, stopped or standing to another lane, provided that such movement otherwise complies with the requirements of this chapter including, but not limited to, the provisions of sections eleven hundred ten of this title and eleven hundred twenty-eight of this title."
Thus, Vehicle and Traffic Law § 1144-a (a) requires operators of motor vehicles to exercise "due care" to avoid collision with a stopped emergency vehicle that is "displaying" its emergency lights. Where, as here, a multi-lane highway is involved, the duty to exercise "due care" means that the driver must, among other things, move from the lane which contains the stopped emergency vehicle, or is immediately adjacent to the shoulder where the emergency vehicle is stopped, to another lane, provided that such lane change is in compliance with, among other things, Vehicle and Traffic Law § 1128 (a) (see People v Krahforst, 54 Misc 3d 1010, 1012 [Cohoes City Court 2016]). Vehicle and Traffic Law § 1128 (a) provides that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." In determining whether a lane change violates Vehicle and Traffic Law § 1128 (a), courts have considered objective evidence regarding the circumstances and nature of the lane change, such as whether the lane change caused another vehicle to veer or created a danger of collision (see Matter of Forman v New York State Dept. of Motor Vehs., 110 AD3d 1075, 1076 [2013]; People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op 50245[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). 
Defendant contends that a driver who sincerely believes that a lane change is unsafe, and thus fails to change lanes when approaching an emergency vehicle displaying its emergency lights on a multi-lane highway, should not be found guilty of violating Vehicle and Traffic Law § 1144-a (a). Defendant's contention that this court should apply a subjective standard in determining whether defendant had violated Vehicle and Traffic Law § 1144-a (a) is based on an incorrect interpretation of the statute. Under defendant's reading of the statute, a driver who concludes that a lane change is unsafe, no matter how unreasonable his or her conclusion is, can evade his or her responsibilities under section 1144-a (a). As aptly noted by the court in People v Krahforst (54 Misc 3d at 1014), "[t]he problem with defendant's interpretation is that it gives the driver a veto over the main statutory duty to change lanes. Thus, if defendant's interpretation is to be accepted, the court must find that on the one hand the legislature required drivers to move over for police safety, but on the other hand, let the decision rest upon the unreviewable discretion of the driver." Defendant's analysis would therefore render section 1144-a (a) nugatory, a result that should be avoided (see Matter of County of Orange [Al Turi Landfill, Inc.], 75 AD3d 224, 235 [2010]). Furthermore, defendant's understanding is inconsistent with the objective standard by which the general duty to exercise due care imposed by the statute [*2]should be measured (see Matter of Russell v Adduci, 140 AD2d 844, 845-846 [1988]) and the compliance of a lane change with Vehicle and Traffic Law § 1128 (a) determined (see Matter of Forman v New York State Dept. of Motor Vehs., 110 AD3d at 1076; People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op 50245[U]). Consequently, an objective standard must be employed in determining whether defendant violated Vehicle and Traffic Law § 1144-a (a). 
Here, the testimony of the trooper who had issued the traffic ticket established that, when defendant saw the police vehicle parked on the right shoulder of the two-lane highway with its emergency lights activated, defendant had "ample" opportunity to move from the right lane to the left lane and that there were no vehicles traveling in the left lane that would have impeded defendant from changing lanes. We find that the trooper's testimony, viewed in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), was legally sufficient to establish, beyond a reasonable doubt, that a reasonably prudent driver would have deemed it safe to change lanes without violating Vehicle and Traffic Law § 1128 (a) and thus that, by failing to do so, defendant violated Vehicle and Traffic Law § 1144-a (a) (see People v Krahforst, 54 Misc 3d at 1014-1015). Moreover, upon exercising our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trial court's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the weight of the evidence (see People v Krahforst, 54 Misc 3d at 1014-1015). 
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., BRANDS and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018