■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SESSIONS, Appellant. [669 NYS2d 879] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered December 12, 1995, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and resisting arrest, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 12½ to 25 years imprisonment on the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and a concurrent term of one year imprisonment on the conviction of resisting arrest.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed upon the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree to 7½ to 15 years; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to prove his identify as the seller is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]). The evidence adduced at trial clearly established that the defendant sold cocaine to Detective DeMato on October 15, 1994.

The sentence imposed was excessive to the extent indicated.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.