■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JAMES SHELL, JR., Appellant. [714 NYS2d 445] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), dated June 4, 1996, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing as sentence an indeterminate term of 12½ to 25 years imprisonment for each conviction, with the terms of imprisonment imposed for the convictions of criminal sale of a controlled substance in the third degree under the first count of the indictment and criminal possession of a controlled substance under the second count of the indictment to run consecutively to the terms of imprisonment imposed on the convictions of criminal sale of a controlled substance in the third degree under the third count of the indictment and criminal possession of a controlled substance under the fourth count of the indictment, and to otherwise run concurrently to each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from indeterminate terms of 12½ to 25 years imprisonment to indeterminate terms of 10 to 20 years imprisonment, to run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was insufficient to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged

beyond a reasonable doubt (*see, People v Reed,* 256 AD2d 365). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, the sentence was excessive to the extent indicated.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Florio and H. Miller, JJ., concur.