OPINION OF THE COURT
 

 Smith, J.
 

 We hold that where a defendant seeks to argue on appeal, in accordance with
 
 People v Ryan
 
 (82 NY2d 497), that the People have failed to establish the defendant’s knowledge of the weight of drugs, preservation of that contention is required by an appropriate objection.
 
 [1]
 

 In each of these cases the defendant argues that no preservation by specifically raising the issue of proof of the defen
 
 *19
 
 dant’s knowledge of weight is necessary. Some contend that, at most, a general motion to dismiss is all that is necessary in order to claim that the evidence of knowledge of weight is insufficient for a conviction. They rely on both statutory provisions (CPL 470.05, 470.15 [4] [a], [b]) and on the Due Process Clauses of the Federal and State Constitutions. The People counter that preservation is necessary, advancing both historical and practical reasons.
 

 Turning first to defendants’ statutory claims, in order to preserve a claim of error in the admission of evidence or a charge to the jury, a defendant must make his or her position known to the court.
 
 [2]
 
 Notwithstanding contentions to the contrary, we hold that preservation is required in these cases. The preservation mandate is not new. We noted in
 
 People v Cona
 
 (49 NY2d 26, 33, n 2) that even where a motion to dismiss for insufficient evidence was made, the preservation requirement compels that the argument be "specifically directed” at the alleged error which, here, is the failure of the People to show that the defendants had knowledge of the weight of the contraband. Similarly, in
 
 People v Dekle
 
 (56 NY2d 835, 837), we rejected the defendant’s due process challenge, holding that no due process violation occurred where a defendant was convicted upon proof sufficient to satisfy the court’s charge where the defendant failed to preserve his attack upon the charge. Recently, in
 
 People v Hill
 
 (85 NY2d 256, 259,
 
 supra),
 
 we stressed that "where the issue is
 
 fully preserved for our review,
 
 the knowledge requirement is applicable to tbe [specified criminal possession and criminal sale charges]” (emphasis supplied).
 

 In
 
 People v Kilpatrick
 
 (143 AD2d 1, 2-3), the Appellate Division interpreted the difference between paragraphs (a) and (b) of CPL 470.15 (4) and held that where a defendant argues
 
 *20
 
 that evidence to support his or her conviction was legally insufficient, the traditional strictures of preservation do not apply. That Court reached this conclusion by focusing upon the omission, in paragraph (b), of the statement included in paragraph (a), that the error be "duly protested” by the defendant. Those paragraphs read:
 

 "4. The kinds of determinations of reversal or modification deemed to be upon the law include, but are not limited to, the following:
 

 "(a) That a ruling or instruction of the court
 
 duly protested
 
 by the defendant, as prescribed in subdivision two of section 470.05, at a trial resulting in a judgment, deprived the defendant of a fair trial;
 

 "(b) That evidence adduced at a trial resulting in a judgment was not legally sufficient to establish the defendant’s guilt of an offense of which he was convicted” (emphasis supplied).
 

 Defendants’ contention that CPL 470.15 (4) (a) and (b) eliminate the necessity of preservation is misplaced. It is true that the specific language of preservation is present in CPL 470.15 (4) (a) and absent from CPL 470.15 (4) (b). Despite the Appellate Division’s and defendants’ interpretations, we are of the view that this portion of
 
 Kilpatrick,
 
 construing CPL 470.15 (4) as described, should not be followed given its direct conflict with our holdings in
 
 Cona
 
 and
 
 Dekle,
 
 which govern here
 
 (see also, People v Bynum,
 
 70 NY2d 858, 859 [general motion to dismiss at close of evidence insufficient to preserve claim regarding establishment of particular element of crime];
 
 People v Stahl,
 
 53 NY2d 1048, 1050 [requiring more than blanket trial order of dismissal to preserve specific claim involving critical conversation]).
 

 The preservation rule is necessary for several reasons. Under article VI, § 3 of the New York State Constitution, the Court of Appeals, with limited exceptions, is empowered to consider only "questions of law”
 
 (People v Beige,
 
 41 NY2d 60). The chief purpose of demanding notice through objection or motion in a trial court, as with any specific objection, is to bring the claim to the trial court’s attention. A general motion fails at this task
 
 (People v Narayan,
 
 54 NY2d 106). As a practical matter, a general motion to dismiss is often no more helpful to the Trial Judge than would be a motion predicated on an erroneous ground. A sufficiently specific motion might provide the opportunity for cure before a verdict
 
 *21
 
 is reached and a cure is no longer possible
 
 (see, e.g.,
 
 CPL 260.30 [7]).
 

 Second, a timely objection alerts all parties to alleged deficiencies in the evidence and advances the truth-seeking purpose of the trial. Third, the timely objection advances the goal of swift and final determinations of the guilt or nonguilt of a defendant.
 

 Defendants’ claim that the convictions here, since they are based on insufficient evidence, represent a violation of the proper "mode of proceedings,” is also unavailing. This language, derived from our decision in
 
 People v Patterson
 
 (39 NY2d 288, 295,
 
 affd
 
 432 US 197), provides an exception to traditional preservation rules in constricted circumstances:
 

 "There is one very narrow exception to the requirement of a timely objection. A defendant in a criminal case cannot waive, or even consent to, error that would effect the organization of the court or the
 
 mode of proceedings
 
 prescribed by law.
 
 (Cancemi v People,
 
 18 NY 128, 138;
 
 People ex rel. Battista v Christian,
 
 249 NY 314, 319.) In
 
 Cancemi,
 
 it was held that a defendant could not consent to being tried by a jury of less than 12 members. In
 
 People ex rel. Battista v Christian (supra),
 
 the court ruled that an information charging a defendant with an 'infamous’ crime was a nullity, despite defendant’s consent, where the State Constitution provided that infamous crimes could be prosecuted only by Grand Jury indictment. Thus, the rule has come down to us that where the court had no jurisdiction, or where the right to trial by jury was disregarded, or where there was a fundamental, nonwaivable defect in the
 
 mode of procedure,
 
 then an appellate court must reverse, even though the question was not formally raised below” (emphasis supplied).
 

 The
 
 Patterson
 
 exception is, by definition of the Court, narrow in application. Defendants here attempt to apply it broadly, in a fashion not contemplated by this Court. The
 
 Patterson
 
 Court’s description of the exception clarifies that the rule goes to the general and over-all
 
 procedure
 
 of the trial, forbidding alteration of mandated procedural, structural, and process-oriented standards. The examples set forth by Patterson— changing of the burden of proof, consent to less than a 12-
 
 *22
 
 member jury in a criminal case, deviation from State constitutionally mandated requirements for an indictment — show that the claimed errors here should not fall within that exception. Some of the defendants contend that the failure to charge the jury that the People must prove that knowledge of the weight of the contraband possessed lessened the burden of proof and thus constituted reversible error under
 
 Patterson.
 
 However, in
 
 People v Thomas
 
 (50 NY2d 467, 472), we stated that a jury charge that is merely capable of being interpreted in such a way as to shift the burden of proof is not a
 
 Patterson
 
 error. Because
 
 Ryan
 
 itself states that it merely interpreted the language of the Penal Law on possessory offenses, the jury, too, could have interpreted the statutory language to mean that defendants must be shown to have had knowledge of the weight, even in the absence of an explicit charge. Moreover, an assertion that an element is missing from the proof required goes to substance and not to the mode of proceedings.
 

 We also note that concerns that defendants’ rights are diminished by the holding here are misplaced. It should be emphasized that even where defendants have failed to adequately preserve claims for appellate review, they may request that the Appellate Divisions apply their "interest of justice” jurisdiction under CPL 470.15 (3). Nothing we hold here intrudes upon that jurisdiction.
 

 We turn now to the specific cases before us.
 

 People v Gray
 

 Defendant was convicted of criminal possession of a controlled substance in the fourth degree. The Appellate Division, although not detailing the facts, concluded that the evidence did not support the conclusion that he had knowledge of the weight of the controlled substance (204 AD2d 35). It relied on
 
 People v Kilpatrick
 
 (143 AD2d 1, 3,
 
 supra)
 
 in determining that no preservation was necessary.
 

 Leave to appeal was granted by a Judge of this Court.
 

 We reverse and remit to the Appellate Division.
 

 People v Gordon
 

 Defendant was convicted of criminal possession of a controlled substance in the fifth degree after a jury trial. The Appellate Division modified the judgment, on the law, by reducing the conviction to criminal possession of a controlled substance in the seventh degree (204 AD2d 22).
 
 Sua sponte,
 
 leave to appeal to this Court was granted by one of the two dissenting Justices.
 

 
 *23
 
 The evidence established that police officers saw defendant on a street trafficking in crack cocaine. He was arrested and found in possession of 50 vials containing what laboratory analysis established as 1,493 milligrams of 86% pure cocaine. Penal Law § 220.06 (5) makes it a crime to "knowingly and unlawfully” possess 500 or more milligrams of cocaine.
 

 In reducing the verdict, the Appellate Division concluded that despite the absence of a specific objection to the lack of evidence of knowledge of weight, the issue was preserved as determined in
 
 People v Kilpatrick
 
 (143 AD2d 1,
 
 supra).
 
 The Appellate Division concluded that there was no evidence of knowledge of weight and that
 
 People v Ryan
 
 had to be retrospectively applied.
 

 Justice Sullivan concurred in the order. While he stated that preservation of the issue of knowledge of weight was necessary, he concluded that the issue of scienter had been given to the jury in two supplemental instructions that the cocaine was " 'knowingly and unlawfully possessed by the defendant in a weight of five hundred milligrams or more’ ” and that the defendant " 'knowingly and unlawfully possessed an amount of cocaine in excess of 500 milligrams.’ ” (204 AD2d 22, 23.) He further concluded that the evidence was insufficient to support a jury verdict that defendant had knowledge of the weight of the substance.
 

 Justice Asch dissented. He agreed that the scienter requirement was properly charged to the jury. He concluded, however, that defendant’s knowledge of the weight could be found in the number of vials and in the weight of almost three times the threshold required.
 

 Because there was no preservation, we reverse and remit to the Appellate Division.
 

 People v Cooper
 

 Defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the fifth degree. The Appellate Division modified the judgment by reducing the conviction to criminal possession of a controlled substance in the seventh degree (204 AD2d 24).
 

 The evidence was that when a police officer observed the defendant knotting a plastic bag, she volunteered that the white powder was cocaine which she had bought for $40. The expert testimony was that there were 28 grains consisting of 1,814 milligrams which was 62.3% pure cocaine.
 

 
 *24
 
 The Appellate Division concluded that defendant’s generalized motion to dismiss at the end of the People’s case and defendant’s request for a jury charge on the lesser included offense of criminal possession of a controlled substance in the seventh degree were insufficient to preserve the issue of the defendant’s knowledge of the weight of the substance. It concluded, however, that no preservation was necessary and relied on
 
 People v Kilpatrick
 
 (143 AD2d 1, 3,
 
 supra).
 
 It concluded further that to convict the defendant when one of the statutory elements of the crime was absent would be a denial of due process.
 

 Justice Asch dissented. He interpreted
 
 Kilpatrick
 
 to mean that the Appellate Division could review an issue in the absence of preservation where the claim was that the evidence was insufficient in light of the charge to the jury. He, thus, would have affirmed the conviction. The dissenting Justice,
 
 sua sponte,
 
 granted leave to appeal to this Court.
 

 We reverse and remit to the Appellate Division.
 

 People v Ivey
 

 Defendant was convicted, following a jury trial, of criminal possession of a controlled substance in the second degree. The evidence was that he had possessed a substance of an aggregate weight of more than two ounces of cocaine. The Appellate Division affirmed (204 AD2d 16). Justice Sullivan, writing for the majority, noted that prior to
 
 People v Ryan,
 
 trial and intermediate appellate courts, as well as prosecutors and defense attorneys, had relied on the fact that no scienter requirement existed with respect to the weight element of a drug possession charge. Citing
 
 People v Dekle
 
 (56 NY2d 835, 837,
 
 supra),
 
 the Court noted that where there was no objection to the charge for failure to include the issue of scienter, the issue was not preserved. The majority also interpreted
 
 Kilpatrick
 
 to permit review of the sufficiency of the evidence only in light of the charge to the jury.
 

 Two Justices concurred in the result in an opinion written by Justice Ellerin. While they concluded that
 
 Kilpatrick
 
 made it unnecessary to preserve the scienter issue, they found knowledge of the weight in the defendant’s handling of a substance which weighed almost four ounces. Leave to appeal was granted by the concurring Justice Rosenberger.
 

 
 *25
 
 Because of the lack of preservation, we affirm.
 

 People v Barnes
 

 Defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the fifth degree. The Appellate Division affirmed, with two Justices dissenting (204 AD2d 33). Leave to appeal to this Court was granted,
 
 sua sponte,
 
 by Justice Rosenberger, one of the dissenting Justices.
 

 The facts indicate that the police were given a tip by a passerby that "a young black kid” was on the street, near 41st Street and Eighth Avenue in Manhattan, selling drugs. When the police approached the youth, he threw a bag to the ground which turned out to contain 22 vials with 887 milligrams of pure crack cocaine. Defendant was arrested as he tried to run away.
 

 The Appellate Division relied on
 
 People v Ivey (supra)
 
 and concluded that the
 
 Ryan
 
 issue had not been preserved. In dissent Justice Rosenberger relied on
 
 Kilpatrick
 
 to conclude that the issue of knowledge of weight had been preserved. He concluded further that the People had failed to prove that the defendant had knowledge of the weight of the drugs. Noting that "[t]he difference between misdemeanor weight and the amount of cocaine possessed by the defendant was .01365 ounce” (204 AD2d, at 35), Justice Rosenberger determined that the amount was too small to determine weight from mere handling. In a separate dissent, Justice Tom relied on
 
 Kilpatrick
 
 in concluding that the issue was preserved. He also relied on
 
 People v Cooper (supra)
 
 and determined that
 
 People v Ryan
 
 was retroactive.
 

 We affirm.
 

 People v Tejada
 

 Defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the fourth degree. The Appellate Division affirmed (204 AD2d 30). Leave to appeal was granted,
 
 sua sponte,
 
 by Justice Tom, one of the dissenting Justices.
 

 The facts, as related in the dissent, indicate that a gypsy cab was stopped near University Avenue and Hall of Fame Terrace in the County of Bronx, New York City, after it went through a red light. Prior to the stop and after it had gone through the light, the cab picked up two passengers. When the officers approached the cab, one of the two passengers sitting in the back attempted to slide a zippered pouch to the other. The other passenger put the pouch on the floor and attempted to kick it towards the front seat. A police officer retrieved the pouch and found foil packets which later were proved to
 
 *26
 
 contain one eighth of an ounce and 33.4 grains of a substance containing cocaine.
 

 The majority relied on
 
 People v Ivey (supra)
 
 in affirming the conviction. In a dissent which Justice Wallach joined, Justice Tom relied on his partial dissent in
 
 People v Barnes.
 

 We affirm.
 

 Accordingly, in
 
 People v Gray, People v Cooper,
 
 and
 
 People v Gordon,
 
 the order of the Appellate Division in each case should be reversed and the case remitted to the Appellate Division, First Department, for consideration of the facts pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b). In
 
 People v Ivey, People v Barnes
 
 and
 
 People v Tejada,
 
 the order of the Appellate Division in each case should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 In
 
 People v Gray, Cooper
 
 and
 
 Gordon:
 
 Order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.
 

 In
 
 People v Ivey, Barnes
 
 and
 
 Tejada:
 
 Order affirmed.
 

 [1]
 

 . In
 
 People v Hill
 
 (85 NY2d 256), we recently held that the knowledge requirement of our decision in
 
 People v Ryan
 
 should be applied retroactively, where the issue was preserved, in cases pending on direct appeal as of December 16, 1993.
 

 [2]
 

 . CPL 470.05 reads, in part: "2. For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an ’exception’ but is sufficient if the party made his position with respect to the ruling or instruction known to the court. * * * In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court’s ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.”