■ The People of the State of New York, Respondent, v Roberto Rodriguez, Appellant. [633 NYS2d 777] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered

April 15, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees and sentencing him, as a second felony offender, to two concurrent terms of $4^1/_2$ to 9 years and a concurrent term of 2 to 4 years, respectively, unanimously affirmed.

Defendant's argument that the People failed to prove his knowledge of the weight of the cocaine in his possession as required by *People v Ryan* (82 NY2d 497) is unpreserved for appellate review as a matter of law. Defendant did not raise this ground by objection or motion in the trial court (*People v Gray*, 86 NY2d 10), and we decline to review the issue in the interest of justice.

Defendant failed to establish a prima facie case of purposeful discrimination in the prosecutor's use of peremptory challenges and, thus, it was not necessary for the prosecutor to offer a non-pretextual race-neutral reason for his challenges (*People v Jenkins*, 75 NY2d 550, 556, citing *Batson v Kentucky*, 476 US 79, 96-97).

The court properly discharged a sworn juror, over defense objection, when the juror willfully failed to appear and refused to continue serving. The juror was, therefore "grossly unqualified to serve" and had also "engaged in misconduct of a substantial nature" (CPL 270.35).

Finally, the People provided ample justification for the closure of the courtroom during the testimony of the undercover officer, who, *inter alia*, continued to work undercover in the same location as defendant's arrest (*People v Martinez*, 82 NY2d 436). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.