■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL PARKS, Also Known as MICHAEL PARKES, Respondent. [646 NYS2d 511] —Order, Supreme Court, New York County (Ira Beal, J.), entered March 22, 1994, which granted defendant's motion to set aside a jury verdict to the extent of vacating his conviction for criminal possession of a controlled substance in the first degree, unanimously reversed, on the law, the verdict reinstated and the matter remanded for further proceedings.

Defendant concedes that it was error for the trial court to set aside the verdict as to first-degree possession and that such order should be reversed and the case remanded for resentencing.

The trial court issued its order immediately after the decision in *People v Ryan* (82 NY2d 497) was released. *Ryan* required that the prosecution, in order to convict on a possessory drug charge, must establish that the defendant knew the weight of the illegal substance. Subsequently, a body of legal authority has developed construing *Ryan*, and the question at issue here, whether defendant must specifically preserve the issue of proof of his knowledge of weight, has apparently been settled. In *People v Gray* (86 NY2d 10), the Court of Appeals held that such an objection must be specific and that a general motion to dismiss is insufficient to preserve the issue for appellate review, reasoning that a non-specific objection would be insufficient to bring the issue to the attention of the trial court or prosecution in a timely fashion, allowing an opportunity to

cure the omission. This principle renders the issue raised in a postverdict motion unpreserved (see, supra, at 19-21; see also, People v Padro, 75 NY2d 820).

Defendant's remaining contention was previously rejected by this Court in an order dated March 7, 1996; he offers no basis here for reconsideration of said order. Concur—Sullivan, J. P., Rosenberger, Rubin, Nardelli and Williams, JJ.