■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE COLEMAN, Appellant. [668 NYS2d 129] —Judgment unanimously affirmed. Memorandum: The contention that the proof of serious physical injury is insufficient to support defendant's conviction of assault in the second degree (*see*, Penal Law § 120.05 [1]) has not been preserved for our review (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Assault, 2nd Degree.) Present—Green, J. P., Lawton, Hayes, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COLEMAN, Appellant. [665 NYS2d 196] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's request for a missing witness charge. The record establishes that, when defendant provided drugs to an undercover police informant, there were three individuals standing nearby. The informant testified that those individuals "were part of the transaction" and that they were friendly with defendant. Under those circumstances, defendant did not make the requisite prima facie showing that the missing witnesses could be expected to provide testimony favorable to the prosecution (*see, People v Macana*, 84 NY2d 173, 177; *People v Panzardi*, 213 AD2d 1067, *lv denied* 85 NY2d 978). We further conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Hayes, Callahan and Fallon, JJ.