■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO IRIZARRI, Also Known as ARMANDO IRIZARRY, Defendant-Appellant. [673 NYS2d 17] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered October 5, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent prison terms of $3^1/_3$ to 10 years, $3^1/_3$ to 10 years, 2 to 6 years, 2 to 6 years, and 1 year, respectively, unanimously modified, on the facts, to vacate the conviction and sentence on the second count of criminal possession of a controlled substance in the third degree, and to dismiss that count of the indictment, and otherwise affirmed.

As the People correctly note, defendant failed to preserve for review his legal sufficiency claim concerning the second count of criminal possession of a controlled substance in the third degree (*see*, *People v Gray*, 86 NY2d 10, 19). However, we find the verdict on that count to be against the weight of the evidence (*see*, *People v Noble*, 86 NY2d 814).

The first count of criminal possession of a controlled substance in the third degree charged defendant with possession with intent to sell based on his constructive or actual possession of cocaine found in an apartment or on his person. In

contrast, the second count of criminal possession of a controlled substance in the third degree was based on Penal Law § 220.16 (12), which required proof that defendant knowingly possessed cocaine which, in the aggregate, weighed one-half ounce or more.

The evidence established that a police officer recovered, *inter alia*, two tinfoil packets from a table in the apartment, and another tinfoil packet from the defendant's pocket, and that the total aggregate weight of all the cocaine was seven eighths of an ounce plus two grains. Although the indictment did not distinguish between the amount of cocaine found on defendant's person and the amount of cocaine found in the apartment, the deliberating jury requested instructions as to which charge applied to which of the three tinfoil packets of cocaine in evidence. The attorneys and the court agreed, and the jury was instructed, that the cocaine found in the apartment applied to the first two counts of third-degree drug possession, while the cocaine found on the defendant's person applied to the seventh-degree possession charge.

Since the People's evidence concerning the weight of the cocaine did not indicate whether the weight of the amount of cocaine found in the apartment was one-half ounce or more, the verdict on the second count is against the weight of the evidence. The jury was not provided with any basis for inferring that the tinfoil packet found on defendant's person contained such a small amount of cocaine that, when subtracted from the seven-eighths ounce plus two grains total, there must have been a remainder of one-half ounce or more, representing the two tinfoil packets in the apartment.

We see no reason for a remand for resentencing.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Andrias, JJ.