■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLETCHER WILLIAMS, Appellant. [682 NYS2d 651] —Judgment unanimously affirmed. (see, People v Hidalgo, 91 NY2d 733). (Appeal from Judgment of Niagara County Court, Fricano, J.— Attempted Rape, 1st Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN M. GREGORY, Appellant. [682 NYS2d 651] —Judgment unanimously affirmed (see, People v Hidalgo, 91 NY2d 733). (Appeal from Judgment of Niagara County Court, Fricano, J.— Attempted Assault, 1st Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA MAE TAYLOR, Appellant. [682 NYS2d 652] —Judgment unanimously affirmed. Memorandum: Because defendant was not in custody when she made statements to the police, Supreme Court properly denied her suppression motion (see, People v Bailey, 140 AD2d 356, 358). "[A] reasonable [person], innocent of any crime," would not have considered herself to be in custody had she been in defendant's position (People v Yukl, 25 NY2d 585, 589, rearg denied 26 NY2d 845, 883, cert denied 400 US 851). (Appeal from Judgment of Supreme Court, Monroe County, Galloway, J.—Forgery, 2nd Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY CULBREATH, Appellant. [684 NYS2d 111] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]), attempted murder in the second degree (Penal Law §§ 20.00, 110.00, 125.25 [1]) and other crimes in connection with a May 1993 shooting in the City of Buffalo. Defendant was not denied effective assistance of counsel by defense counsel's failure to offer into evidence the statement of codefendant or to call certain witnesses. The statement of codefendant did not qualify for admission into evidence as a declaration against penal interest (see generally, People v Settles, 46 NY2d 154, 167). Moreover, even if the statement did so qualify, we conclude that defendant was not denied effective assistance of counsel by reason of the failure to offer that statement into evidence. Additionally, Supreme Court did not err in denying defendant's pro se motion to set aside the verdict on that ground.

There is no merit to defendant's contention that the court erred in admitting photographs of the murder victim into evidence. Those photographs were relevant on the issue of intent (*see generally, People v Pobliner*, 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905).

Defendant failed to preserve for our review his contention that his conviction of unauthorized use of a vehicle in the first degree is not supported by legally sufficient evidence (*see, People v Gray*, 86 NY2d 10, 19). In any event, we conclude that the conviction is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The sentence is neither unduly harsh nor severe. Finally, we have considered the issues raised in defendant's *pro se* supplemental brief and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.