■ In the Matter of ANTHONY M., a Person Alleged to be a Juvenile Delinquent, Appellant. [700 NYS2d 853] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Porzio, J.), dated September 24, 1997, which, upon a fact-finding order of the same court, dated May 27, 1997, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree and menacing in the second degree, adjudged him to be a juvenile delinquent and placed him with the Administration for Children's Services for placement with Boystown of New York for a period of 12 months. The appeal brings up for review the fact-finding order dated May 27, 1997.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's claim that his acts did not constitute the crimes of criminal possession of a weapon in the fourth degree and menacing in the second degree is unpreserved for appellate review (cf., CPL 470.05 [2]; People v Gray, 86 NY2d 10; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the Presentment Agency (cf., People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed the charged acts (see, Family Ct Act 342.2 [2]). Moreover, resolution of issues of credibility and the weight to be accorded the evidence presented are primarily questions for the trier of fact (see, Matter of Marvel S., 251 AD2d 669; cf., People v Gaimari, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, Matter of Marvel S., supra, at 670; cf., People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the court's determination was not against the weight of the evidence (cf., CPL 470.15 [5]). Mangano, P. J., Thompson, Altman and Luciano, JJ., concur.