■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN SANTIAGO, Appellant. [705 NYS2d 277] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered July 13, 1998, convicting him of rape in the first degree, attempted rape in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions on appeal, the trial court did not commit reversible error in admitting the complained-of testimony. Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZUL Q. SAVAGE, Appellant. [705 NYS2d 287] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered June 18, 1996, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his conviction is not supported by legally sufficient evidence is unpreserved for appellate review by virtue of his failure to make a timely and specific objection in the trial court (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19). In any event, viewing the evidence adduced at trial in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power (*see,* CPL 470.15 [5]), we are satisfied that the verdict of guilt is not against the weight of the evidence. Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.