■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO JOHNSON, Also Known as LEO MORRIS, Appellant. [721 NYS2d 258] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered October 27, 1998, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WATURI JOHNSON, Appellant. [721 NYS2d 259] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 4, 1998, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

An undercover police officer testified that the defendant sold him three vials of cocaine in a face-to-face transaction. When the police arrested the defendant minutes after the sale, they recovered pre-recorded money from him. The physical traits of the seller which were observed by the undercover officer

matched those of the defendant, notably, the seller walked with a limp and had a deformed hand. The defendant, as a result of a gun shot wound to his head, walks with a limp and is partly paralyzed on his right side.

The defendant's claim that the evidence was legally insufficient is not preserved for appellate review (*see, People v Gray,* 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.