consecutive sentences on the conviction of assault in the first degree and one of the convictions of assault in the second degree was not illegal. Those counts involved two different complainants, and there is no evidence that the offenses were committed through a single act or omission (*see* Penal Law § 70.25 [2]).

Likewise, there is no merit to the defendant's contention that his sentence was illegal under Penal Law § 70.25 (3). That section applies to definite sentences, not the determinate sentences which were imposed in this case.

However, we find the defendant's sentence to be excessive under the circumstances and modify it by directing that all the sentences run concurrently. Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MORENO, Appellant. [742 NYS2d 908] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 1, 1999, convicting him of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree, criminal mischief in the second degree, and aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of aggravated unlicensed operation of a motor vehicle in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J.P., Smith, Luciano and Crane, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARA NACE, Appellant. [742 NYS2d 908] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered March 24, 2000, convicting her of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.