◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS FARROW, Appellant. [743 NYS2d 730] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 10, 1998, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Ricone,* 288 AD2d 402, *lv denied* 97 NY2d 708).

Moreover, resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our

factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the Supreme Court's charge to the jury was improper is unpreserved for appellate review (*see People v Robinson,* 88 NY2d 1001). In any event, the court referred to the evidence and used hypothetical examples to explain material legal principles to the jury in a fair and balanced manner and did not mislead the jury or reflect the court's opinion as to how issues should be resolved (*see* CPL 300.10 [2]; *People v Hommel,* 41 NY2d 427).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Prudenti, P.J., Ritter, Krausman and McGinity, JJ., concur.