■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK RUTIGLIANO, Appellant. [771 NYS2d 907]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered January 7, 2002, convicting him of obstructing governmental administration in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction because the testimony of the arresting officers was inconsistent and incredible is unpreserved for appellate review, since he did not specify those grounds in his motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.