■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARLAND HUGHES, Appellant. [775 NYS2d 173]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated July 18, 1988, (*People v Hughes,* 142 AD2d 689 [1988]), affirming a judgment of the Supreme Court, Queens County, rendered May 24, 1985.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNON HUGHES, Appellant. [775 NYS2d 189]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 17, 2002, convicting him of sexual abuse in the first degree and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of sexual abuse in the first degree and endangering the welfare of a child is unpreserved for appellate review since he did not specify this ground at trial in his motion to dismiss (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.