yond a reasonable doubt. However, as the defendant did not state his objection with specificity in his application for a trial order of dismissal, the issue is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bynum*, 70 NY2d 858 [1987]; *People v Shelton*, 175 AD2d 887 [1991]). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions are without merit. H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY EVANS, Appellant. [803 NYS2d 436]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 25, 2004, convicting him of attempted robbery in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of attempted robbery in the third degree is in part unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Shaw*, 160 AD2d 1032 [1990]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the credible evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or do not require reversal. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICKY FONG, Appellant. [803 NYS2d 436]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered February 20, 2003, convicting him of promoting prostitution in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he managed, supervised, or controlled a prostitution business is unpreserved for appellate