■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL T. MORGAN, Appellant. [805 NYS2d 610]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered October 15, 2003, convicting him of operating a motor vehicle while under the influence of drugs, criminal possession of a controlled substance in the fifth degree, aggravated unlicensed operation of a motor vehicle in the first degree, and failure to stop for a stop sign, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's denial of the defendant's request for a free transcript of a pretrial hearing did not deny the defendant a fair trial as the defendant failed to submit the proper affidavits establishing his indigence (*see People v Ulloa,* 1 AD3d 468, 469 [2003]).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245

[1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.