■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. VALLEJOS, Appellant. [824 NYS2d 713]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered August 18, 2003, convicting him of offering a false instrument for filing in the first degree and falsifying business records in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction of offering a false instrument for filing in the first degree was not supported by legally sufficient evidence. To the extent that his contention is based on the assertions that the false MV-50 form was not a "written instrument" under Penal Law § 175.00 (3) and § 175.35 or that the People adduced insufficient proof to demonstrate that he filed the MV-50 form with the state, it is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v*

*Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of offering a false instrument for filing in the first degree beyond a reasonable doubt.

In addition, the defendant contends that his conviction for falsifying business records in the first degree was not supported by legally sufficient evidence because the false MV-50 form did not constitute a "business record" under Penal Law §§ 175.10 and 175.00 (2). The defendant, however, failed to preserve this contention for appellate review (*see* CPL 470.05 [2]; *People v Cooper,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes, supra*), we find that it was legally sufficient to establish the defendant's guilt of falsifying business records in the first degree beyond a reasonable doubt.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on both counts was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]). Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.