■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY LOBELLO, Appellant. [831 NYS2d 721]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 5, 2004, convicting him of assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and menacing in the second degree (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Ayala*, 15 AD3d 496 [2005]; *People v Montalbo*, 254 AD2d 504, 505 [1998]).

In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d

383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contentions raised in point II of his supplemental pro se brief relating to his right to confront witnesses are without merit. The remaining contentions raised in his supplemental pro se brief are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.