**Joseph H. KING, Petitioner–Appellant,**

v.

**Dale ARTUS, Superintendent, Respondent–Appellee.**

No. 06–2820–pr.

United States Court of Appeals, Second Circuit.

Jan. 2, 2008.

Edwin Schulman, Addabbo & Greenberg, Forest Hills, NY, for Petitioner.

Bridget Rahilly Steller, for William V. Grady, District Attorney of Dutchess County, Poughkeepsie, NY, for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED.**

Joseph H. King appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, *J.*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the facts, proceedings below, and specification of issues for review. *See King v. Artus,* No. 04–9960, 2006 U.S. Dist. LEXIS 31459, 2006 WL 1310379 (S.D.N.Y. May 10, 2006).

King, who shot and killed two women colleagues, was indicted on two counts of intentional murder (New York Penal Law § 125.25(1)) and two counts of depraved indifference murder (New York Penal Law § 125.25(2)). At trial, after the prosecution rested, King's defense counsel moved for dismissal, drawing the court's attention particularly to the issue of whether there was sufficient evidence to sustain the intentional murder counts, and, when the defense rested, his counsel made a general motion to dismiss. The motions were denied. King was convicted of depraved indifference murder (two counts).

On appeal to the New York State Supreme Court, Appellate Division, King argued that the evidence was legally insufficient to establish depraved indifference murder. The Appellate Division found that King's contention was unpreserved for appellate review, and affirmed his conviction. *People v. King,* 307 A.D.2d 302, 762 N.Y.S.2d 501 (2003). Leave to appeal to the New York State Court of Appeals was denied. 100 N.Y.2d 621, 799 N.E.2d 628, 767 N.Y.S.2d 405 (2003) (Ciparick, *J.*).

King then applied, pro se, to the New York State Supreme Court, Appellate Division, for a writ of coram nobis, on the ground of ineffective assistance of appellate counsel. Among other things, King contended that his appellate counsel should have argued the ineffective assistance of his trial counsel, who had not raised the issue of legal insufficiency in regard to the depraved indifference murder counts. The Appellate Division denied King's application. *People v. King,* 22 A.D.3d 506, 801 N.Y.S.2d 537 (2005). Leave to appeal to the New York State Court of Appeals was again denied. *People v. King,* 5 N.Y.3d 883, 842 N.E.2d 484, 808 N.Y.S.2d 586 (2005) (G.B. Smith, *J.*).

In May 2006, the United States District Court for the Southern District of New York denied King's pro se petition for a writ of habeas corpus. King retained new appellate counsel, who requested reconsideration and suggested that King's pro se argument claiming ineffective assistance of

appellate counsel had distracted the district court from addressing the underlying legal sufficiency issue. The district court denied the request, but subsequently issued a certificate of appealability, limited to this issue.

King argues that the only reasonable view of the evidence is that he intentionally killed his victims, and that there was therefore insufficient evidence to prove the mens rea of depraved indifference murder. We cannot address King's arguments because the state court procedural bar forecloses habeas review.

In New York State, a defendant may not raise, for the first time on appeal, arguments concerning the legal sufficiency of the prosecution's evidence that were not raised with specificity in the trial court. New York Criminal Procedure Law § 470.05(2); *People v. Gray*, 86 N.Y.2d 10, 19, 629 N.Y.S.2d 173, 652 N.E.2d 919 (1995) ("even where a motion to dismiss for insufficient evidence was made, the preservation requirement compels that the argument be 'specifically directed' at the alleged error"); *see also Garvey v. Duncan*, 485 F.3d 709, 714–15 (2d Cir.2007). King's trial counsel did not direct his motion to dismiss, or any other objection, specifically to the legal insufficiency of the evidence of depraved indifference murder.

Since the New York State Supreme Court, Appellate Division "has expressly relied on a procedural default as an independent and adequate state ground" for its judgment, *Green v. Travis*, 414 F.3d 288, 294 (2d Cir.2005), and King has not demonstrated "cause for the default and actual prejudice as a result of the alleged violation of federal law, or ... that failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), federal habe-

as review is barred. The miscarriage-of-justice exception does not apply because this is patently not a case in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, *in light of new evidence*, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 126 S.Ct. 2064, 2076–77, 165 L.Ed.2d 1 (2006) (emphasis added, internal quotation marks and citations omitted). King makes no such claim. Nor is this a case in which "the prisoner was denied fundamental fairness at trial," *Murray*, 477 U.S. at 494, 106 S.Ct. 2639 (internal quotation marks omitted). King does not establish that any trial error worked to his substantial disadvantage.

For the reasons set forth above, the decision of the district court denying King's petition for a writ of habeas corpus is hereby AFFIRMED.