The People of the State of New York, Respondent,
against
Dmitry Donskoy, Appellant.



Appeal from three judgments of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (John P. O'Shea, J.H.O.), entered March 6, 2015. The judgments, after a nonjury trial, convicted defendant of failing to keep to the right side of the roadway, improper passing, and passing to the left of an island, respectively.




ORDERED that the judgment convicting defendant of failing to keep to the right side of the roadway is affirmed; and it is further,
ORDERED that the judgment convicting defendant of improper passing is reversed, on the law, the simplified traffic information charging that offense is dismissed, and the fine therefor, if paid, is remitted; and it is further,
ORDERED that so much of the appeal as is from the judgment convicting defendant of passing to the left of an island is dismissed as abandoned.
Defendant was charged in three separate simplified traffic informations with failing to keep to the right side of the roadway (Vehicle and Traffic Law § 1120 [a]), improper passing (Vehicle and Traffic Law § 1123), and passing to the left of an island (Vehicle and Traffic Law § 1127 [b]), respectively. Following a nonjury trial, defendant was convicted of all three charges.
In his brief on appeal, defendant limits his claims of error to the judgments convicting him of violating Vehicle and Traffic Law §§ 1120 (a) and 1123. Consequently, as defendant raises no issues with respect to the judgment convicting him of violating Vehicle and Traffic Law § 1127, so much of the appeal as is from that judgment is dismissed as abandoned (see People v Bankupally, 51 Misc 3d 144[A], 2016 NY Slip Op 50710[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
As to the remaining judgments of conviction, defendant failed to preserve for appellate review his claim of legal insufficiency of the evidence by not moving for dismissal on that ground in the District Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10, 19-20 [1995]). Nevertheless, reviewing that contention in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]), and viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to support the conviction of violating Vehicle and Traffic Law § 1120 (a). Defendant admitted at trial that he had driven onto the left half of the roadway into the lanes designated for traffic traveling in the opposite direction, when not permitted to do so. Thus, through his admission and the ticketing officer's testimony, the [*2]People established defendant's guilt of that charge beyond a reasonable doubt. 
However, the evidence was legally insufficient to support defendant's conviction of violating Vehicle and Traffic Law § 1123. The prosecution was required, but failed, to establish that defendant's vehicle overtook and passed upon the right of another vehicle.
Accordingly, the judgment convicting defendant of failing to keep to the right side of the roadway is affirmed; the judgment convicting defendant of improper passing is reversed and the simplified traffic information charging that offense is dismissed; and so much of the appeal as is from the judgment convicting defendant of passing to the left of an island is dismissed as abandoned.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: January 24, 2017