People v Ferguson (2018 NY Slip Op 00028)





People v Ferguson


2018 NY Slip Op 00028


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5344 8640/93

[*1]The People of the State of New York, Respondent,
v
Michael Ferguson, Defendant-Appellant.


Feldman and Feldman, Uniondale (Arza Feldman of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered February 10, 2015, convicting defendant, after a jury trial, of attempted rape in the first degree and sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 5 to 10 years, unanimously affirmed.
Defendant's claim that the evidence was legally insufficient to establish attempted first-degree rape because there was no evidence of penetration is unpreserved for appellate review (People v Gray, 86 NY2d 10, 19 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.
Unlike the completed crime, attempted rape does not require any proof of penetration. The victim's testimony about defendant's unsuccessful efforts to engage her in sexual intercourse by force overwhelmingly established both that defendant intended to commit rape and that he came dangerously close to doing so (see e.g. People v Jackson, 11 AD3d 369 [1st Dept 2004], lv denied 3 NY3d 757 [2004]; People v Tenden, 232 AD2d 244 [1st Dept 1996], lv denied 89 NY2d 947 [1997]).
The court properly permitted the victim to testify as to her understanding of the term "penetration," because this explained why she initially told the police, medical personnel and her friend that no penetration had occurred. The victim was obviously not rendering an opinion on the law, and defendant's arguments in this regard are without merit. In any event, any error in admitting that testimony was harmless, because defendant was not convicted of the completed crime of rape (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK