People v Komara (2018 NY Slip Op 01936)





People v Komara


2018 NY Slip Op 01936


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-03008
 (Ind. No. 975-14)

[*1]The People of the State of New York, respondent,
v
Stephen Komara, appellant.


Scott Lockwood, North Babylon, NY, for appellant.
Patricia Gunning, Delmar, NY (Robin A. Forshaw and Spalding Powers Warner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (William J. Condon, J.), rendered February 22, 2016, convicting him of endangering the welfare of an incompetent or physically disabled person in the second degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, who worked as a caregiver for disabled adults in a group home, was convicted of two counts of endangering the welfare of an incompetent or physically disabled person in the second degree following an incident in which he failed to intervene to stop one resident from physically assaulting another resident.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]).
The defendant's contention that his convictions could not be based on the testimony of his coworker, who was convicted of endangering the welfare of an incompetent or physically disabled person in the first degree stemming from the same incident, because the coworker was an accomplice and his testimony was not sufficiently corroborated, is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10). In any event, the coworker's testimony was sufficiently corroborated by video evidence that " tend[ed] to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the [trier of fact] that the accomplice [was] telling the truth'" (People v Reome, 15 NY3d 188, 192, quoting People v Dixon, 231 NY 111, 116; see CPL 60.22[1]).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court