■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR NEVAREZ, Appellant. [724 NYS2d 625] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered March 24, 2000, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes charged is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that the court's charge on identification was inadequate because it failed to provide the jury with detailed instructions to assist them in evaluating the accuracy of the identification of the defendant as one of the perpetrators of the crimes by the sole complaining witness (*see, People v Daniels,* 88 AD2d 392). Although desirable, a detailed charge on the issue of identification is not required as a matter of law (*see, People v Whalen,* 59 NY2d 273, 279). "A Judge who gives a general instruction on weighing witnesses' credibility and

who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" (*People v Whalen, supra,* at 279).

Although the court's charge on identification may not have been as extensive as that suggested by *Daniels (see, People v Daniels, supra,* at 402), it was more than a "bare bones" charge, and adequately focused the jury's attention on the necessity of carefully evaluating the identification testimony.

The defendant's remaining contentions are without merit. Bracken, P. J., S. Miller, McGinity and Luciano, JJ., concur.