Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Santiago,* 62 AD2d 572, *affd* 48 NY2d 1023; *People v Huggins,* 228 AD2d 241; *cf., People v Middleton,* 212 AD2d 809; *People v Lumpkin,* 173 AD2d 738).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Ritter, J. P., Krausman, Goldstein and S. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN VALENCIA, Appellant. [734 NYS2d 858] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 15, 1999, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing