■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY JOHNSON, Appellant. [743 NYS2d 289] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 22, 2000, convicting him of murder in the second degree (six counts), attempted robbery in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt both because there was no eyewitness or physical evidence connecting him to the crimes charged and because the People's witnesses were not credible. This contention is unpreserved for appellate review since he did not specify those grounds in his motion to dismiss at trial (see CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolu-

tion of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83). Feuerstein, J.P., Goldstein, McGinity and Crane, JJ., concur.