■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL WEATHERS, Appellant. [750 NYS2d 717] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered April 3, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed on the two counts of robbery in the first degree and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Erie County, for resentencing on the second and third counts of the indictment.

Memorandum: Defendant appeals from a judgment convict-

ing him following a jury trial of murder in the second degree (Penal Law § 125.25 [3]) and two counts of robbery in the first degree (§ 160.15 [1], [2]). The victim was shot with a .25 caliber handgun and robbed of a substantial amount of cash. Defendant failed to preserve for our review his contention that Supreme Court erred in permitting the People to present eyewitness testimony that defendant possessed a .25 caliber handgun (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). We reject defendant's further contention that the verdict is against the weight of the evidence. Weighing the relative probative force of the conflicting testimony and the relative strength of the conflicting inferences that may be drawn therefrom, we conclude that it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see People v Bleakley,* 69 NY2d 490, 495). An eyewitness who knew defendant testified that he saw defendant shoot the victim, defendant's girlfriend testified that defendant admitted to her that he had robbed and shot someone, and the testimony of those two witnesses was corroborated by other witnesses. Defendant's general motions to dismiss the indictment at the close of the People's case and after a witness had testified for defendant did not preserve for our review defendant's present contention concerning the alleged legal insufficiency of the evidence (*see People v Gray,* 86 NY2d 10, 19).

We agree with defendant, however, that he may have been improperly sentenced as a second felony offender with respect to the two counts of robbery. The sentencing minutes and the presentence report are not in agreement with respect to the crime that is the predicate felony for defendant's status as a second felony offender. We therefore modify the judgment by vacating the sentence imposed on the two robbery counts, and we remit the matter to Supreme Court, Erie County, for resentencing on the second and third counts of the indictment. We have examined defendant's remaining contentions and conclude that they lack merit. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.