■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT SWINNIE, Appellant. [765 NYS2d 58] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered June 28, 2001, convicting him of murder in the second degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

A police detective testified that the victim's next-door neighbor had the same first name as the individual to whose house another witness had driven the defendant and his accomplice at the time of the incident. The fact that this

testimony did not directly establish that the next-door neighbor and the individual were the same person went to the weight of the evidence rather than to its admissibility *(see People v Garcia,* 299 AD2d 493 [2002]). Feuerstein, J.P., Friedmann, McGinity and Schmidt, JJ., concur.