■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE PARKER, Appellant. [771 NYS2d 165]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered March 4, 2002, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence, as there was probable cause for the arrest (*see generally People v McRay,* 51 NY2d 594 [1980]; *see also People v Ayarde,* 229 AD2d 590 [1996]; *People v Balas,* 104 AD2d 1039 [1984]).

Contrary to the defendant's further contention, the Supreme Court properly denied his request for a missing witness charge with respect to the individual who purchased the drugs from

him. The defendant never made the required prima facie showing that the witness could be expected to testify in the People's favor or that she was under their control (*see generally People v Savinon,* 100 NY2d 192 [2003]; *People v Macana,* 84 NY2d 173 [1994]; *People v Gonzalez,* 68 NY2d 424 [1986]).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review since he did not specify in his motion to dismiss at the trial the grounds he now raises (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Goldstein, Luciano and Cozier, JJ., concur.