■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. McLEE, Appellant. [821 NYS2d 720]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 23, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the first degree (four counts) and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of various crimes arising out of his firing on a crowd of people outside an apartment complex, killing one person and wounding others. Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of four counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [viii]; [b]; *see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, defendant's contention lacks merit. The People presented evidence establishing that defendant had the requisite intent to kill or seriously injure additional persons other than his intended victim by shooting at them (*see People v*

*Byfield*, 15 AD3d 262 [2005], *lv denied* 4 NY3d 884 [2005]). Indeed, the intent to harm additional persons may be inferred from defendant's actions in shooting into a crowd and pursuing individuals as they entered an apartment building (*see generally People v Coleman*, 296 AD2d 766 [2002], *lv denied* 99 NY2d 534 [2002]). Nor is the verdict against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Although defendant further contends that County Court erred in permitting the People to present evidence that he invoked his right to counsel and his right to remain silent, the People did not in fact present such evidence. The testimony of the police officers established that defendant had not invoked his right to counsel or to remain silent and that, when he made statements to the police and agreed to provide a handwritten statement, he had been advised of his *Miranda* rights and had waived them (*cf. People v Sims*, 135 AD2d 591, 592 [1987], *lv denied* 72 NY2d 1050 [1988]). Also contrary to the contention of defendant, the court did not violate *Crawford v Washington* (541 US 36 [2004]) by admitting in evidence testimony concerning his statements in response to information from his sister. Even assuming, arguendo, that the statement of his sister concerning his response to information received from her was implicit in the testimony of the police officers, we nevertheless conclude that the sister's statement was not offered for the truth of the matter asserted and thus that there was no *Crawford* violation (*cf. People v Goldstein*, 6 NY3d 119, 127-128 [2005], *cert denied* 547 US —, 126 S Ct 2293 [2006]). The court did not err in denying defendant's challenges for cause with respect to two prospective jurors, inasmuch as the record establishes that they both demonstrated to the court's satisfaction that their work-related concerns would not affect their ability to be fair and impartial (*see generally People v Johnson*, 92 NY2d 976, 978 [1998]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Martoche, Smith and Pine, JJ.