■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRITTANY EDWARDS, Appellant. [849 NYS2d 794]—Appeal by the defendant from a judgment of the County Court, Rockland County (Alfieri, J.), rendered January 22, 2007, convicting her of robbery in the second degree, upon her plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY EDWARDS, Appellant. [849 NYS2d 800]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), entered October 7, 2005, convicting him of attempted murder in the second degree, burglary in the first degree (two counts), assault in the first degree (two counts), aggravated criminal contempt, criminal contempt in the first degree (three counts), criminal possession of a weapon in the fourth degree, endangering the welfare of a child, and menacing in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2];

*People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the factfinder, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.