■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE CORDERO, Appellant. [863 NYS2d 928]—Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered January 26, 2006, convicting him of kidnapping in the second degree, rape in the first degree (six counts), criminal sexual act in the first degree (two counts), endangering the welfare of a child, tampering with a witness in the third degree (two counts), intimidating a victim or witness in the third degree (two counts), bribing a witness, attempted coercion in the first degree (two counts), and criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK EDWARDS, Appellant. [863 NYS2d 928]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Konviser, J.), rendered June 29, 2006, convicting him of burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's remaining contentions, regarding the jury charge, are without merit. Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.