OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, as a matter of discretion in the interest of justice, the accusatory-instrument is dismissed and the fine, if paid, is remitted.
Defendant was charged in a simplified traffic information with failing to make hazardous materials available for inspection in violation of Transportation Law § 14-f (2), which incorporates therein 49 CFR 177.802 (see 17 NYCRR 820.8 Q]; 49 USC § 5125 [b]). At a nonjury trial, the complaining officer testified that, during a roadside inspection of commercial tractor-trailers, he had inquired whether defendant was carrying hazardous materials. When defendant responded that he was in fact transporting flammable and nonflammable gases, the officer requested a copy of his shipping papers. The officer then directed defendant to open the truck’s cargo hold and, upon defendant’s compliance, discovered that the hazardous materials were not loaded in the rear of the cargo hold. Upon entering the cargo hold, the officer attempted to locate the materials to no avail. He asked defendant if he could locate the materials, but defendant was unable to do so. The officer then issued defendant a uniform traffic ticket. During cross-examination, a copy of section 177.802 was admitted into evidence, whereupon the officer acknowledged that section 177.802 does not require hazardous materials to be carried in the rear of a tractor-trailer’s cargo hold. Defendant also submitted an interpretive letter from the Office of Chief Counsel for the Pipeline and Hazardous Materials Safety Administration (PHMSA), the federal agency charged with enforcing section 177.802.
Thereafter, the Justice Court convicted defendant of the charged offense and, in doing so, declined to follow the Office of the Chief Counsel’s interpretation.
Defendant’s contention, in effect, that the People did not proffer legally sufficient evidence of his guilt, is unpreserved for *11 appellate review as no objection was made on this ground at trial (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). Nevertheless, we exercise our discretion in the interest of justice and reach the merits of defendant’s legal sufficiency claim (see CPL 470.15 [3] [c]; People v Riedinger, 31 Misc 3d 142[A], 2011 NY Slip Op 50836[U] [App Term, 9th & 10th Jud Dists 2011]). With respect to the deference ascribed to an agency’s interpretation of its own regulations, courts must first examine “whether Congress has directly spoken to the precise question at issue” (Chevron U.S.A. Inc. v Natural Resources Defense Council, Inc., 467 US 837, 842 [1984]; see Coeur Alaska, Inc. v Southeast Alaska Conservation Council, 557 US 261, 277 [2009]). If Congress has not, the second stage of the analysis is to “look first to the agency regulations, which are entitled to deference if they resolve the ambiguity in a reasonable manner” (Coeur Alaska, Inc., 557 US at 277-278; see United States v Mead Corp., 533 US 218, 226-227 [2001]). Where a regulation is ambiguous “as to the question presented,” however, courts must consult the agency’s “own interpretation of the regulation for guidance in deciding th[e] case” (Chase Bank USA, N.A. v McCoy, 562 US —, —, 131 S Ct 871, 880 [2011], citing Ford Motor Credit Co. v Milhollin, 444 US 555, 560 [1980]). As long as the agency’s interpretation is not “plainly erroneous or inconsistent with the regulation,” courts are bound to “accept it as correct” (Coeur Alaska, Inc., 557 US at 278, quoting Auer v Robbins, 519 US 452, 461 [1997]).
In this case, Congress has never directly addressed the precise scope of a commercial driver’s obligation to make hazardous materials “available for examination and inspection” (49 CFR 177.802; see 49 USC § 5106 [3]). Further, section 177.802 is itself ambiguous with respect to this issue. Consequently, the Justice Court should have proceeded to examine the PHMSA’s interpretation of the rule (see Coeur Alaska, Inc., 557 US at 278).
In its “Letter of Interpretation,” the PHMSA’s Office of Chief Counsel made two distinct conclusions that are relevant to this appeal. First, section 177.802 does not require “a driver of a tractor trailer to unload the contents of the trailer, at a place other than the truck’s origin or destination,” particularly where hazardous materials are “mixed with general merchandise” (Pipeline and Hazardous Materials Safety Administration, Office of Chief Counsel, Letter of Interpretation, Ref. No. 10-0097, available at http://phmsa.dot.gov/staticfiles/PHMSA/inter *12 pretations/2010/100097.pdf [accessed Dec. 16, 2011]). Second, hazardous materials need not “be stored in the regir of a trailer” to facilitate inspection (id.). As this interpretation “is consistent with the regulatory text” (Chase Bank USA, N.A., 562 US at —, 131 S Ct at 880), the Justice Court should have “accepted] it as correct” (Coeur Alaska, Inc., 557 US at 278).
Applying this standard to the evidence adduced at trigd, and viewing that evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally insufficient to establish defendant’s guilt beyond a reasonable doubt. Pursuant to the PHMSA’s interpretation of section 177.802, defendant’s inability to locate the hazardous materials in the cargo hold did not constitute a failure to make hazardous materials available for inspection (see Pipeline and Hazardous Materials Safety Administration, Office of Chief Counsel, Letter of Interpretation, Ref. No. 10-0097, available at http://phmsa.dot.gov/staticfiles/PHMSA/Interpretations/ 2010/100097.pdf [accessed Dec. 16, 2011]).
We note that nothing in our decision is intended to prohibit authorities from performing roadside inspections of commercial tractor-trailers as long as they do not require drivers to unload the contents of their trailers, which would be inconsistent with the PHMSA’s letter of interpretation.
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed and the fine, if paid, is remitted.
LaCava, J.P, Molía and Iannacci, JJ., concur.