# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

872

KA 09-00579

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

HENDELL PHILLIPS, DEFENDANT-APPELLANT.

THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered March 9, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that Supreme Court erred in instructing the jury on accessorial liability with respect to criminal possession of a weapon in the second degree (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the second degree inasmuch as his motion for a trial order of dismissal was not " 'specifically directed' at the alleged error[s]" now asserted on appeal (*People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit. Defendant contends that the evidence is legally insufficient to establish that he possessed a loaded firearm outside of his home or place of business (*see* Penal Law § 265.03 [3]), and that such possession was knowing and unlawful. Defendant, however, admitted to the police that he sold the gun at issue to his accomplice and hid the gun on the night of the shooting upon the accomplice's request, and the People presented evidence establishing that defendant's DNA was found on both the gun and the bandana wrapped around the gun. The People also presented evidence

establishing that defendant told the police that the house where the gun was located was his accomplice's house; he never told the police that it was his home and, indeed, there is no evidence to support that inference.  Further, viewing the evidence in light of the elements of criminal possession of a weapon in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence with respect to that crime (*see generally People v Bleakley*, 69 NY2d 490, 495).  Finally, the sentence is not unduly harsh or severe.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court