OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered October 6, 2011, affirmed.
Defendant’s present challenge to the legal sufficiency of the evidence supporting his conviction of public consumption of alcohol (see Administrative Code of City of NY § 10-125) is unpreserved for appellate review, inasmuch as he failed to move for a trial order of dismissal based on the alleged insufficiency of the evidence (see People v Gray, 86 NY2d 10, 19 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we reject defendant’s sufficiency claim on the merits. The credited police testimony established that defendant was observed on a stoop in front of 277 West 127th Street drinking from an open bottle of Heineken beer. Contrary to defendant’s unpreserved claim, a building stoop, like the sidewalk adjoining it, is a “place to which the public or a substantial group of persons has access,” so as to constitute a “public place” as that term is defined in the Code provision at issue (see Administrative Code of City of NY § 10-125 [a] [2]; see also People v Perez, 277 AD2d 1 [2000, Saxe, J., concurring], lv denied 96 NY2d 737 [2001]; Perez v Fisher, 2006 WL 510513, *7-8, 2006 US Dist LEXIS 8027, *21-23 [SD NY, Mar. 1, 2006, No. 02 Civ 3443 (MBM)]). Nor was the verdict against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]).
*3 We have considered and rejected defendant’s remaining arguments, including his challenge to the facial sufficiency of the accusatory instrument.
Schoenfeld, J.P., Hunter, Jr. and Ling-Cohan, JJ., concur.