# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

388
KA 13-01451
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

MICHAEL S. LEWIS, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (JON P. GETZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered June 26, 2013. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (eight counts), rape in the first degree (7 counts), rape in the second degree (11 counts), rape in the third degree (7 counts), sexual abuse in the first degree and endangering the welfare of a child (four counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, eight counts of predatory sexual assault against a child (Penal Law § 130.96), defendant contends that County Court failed to apprehend its power to exercise its discretion in submitting representative counts to the jury inasmuch as the court allowed the prosecutor to select the counts to submit (*see generally* CPL 300.40 [6] [b]). Even assuming, arguendo, that defendant's contention is preserved for our review, we nevertheless reject it. The record establishes that the court engaged in lengthy and detailed discussions with both the prosecutor and defense counsel before determining which counts would be submitted to the jury.

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of counts seven and eight of the indictment (*see People v Gray*, 86 NY2d 10, 19). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We reject defendant's further contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147). Finally,

the sentence is not unduly harsh or severe.