The People of the State of New York, Respondent,
against
Mauricio Torres, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered October 2, 2014. The judgment convicted defendant, after a nonjury trial, of public lewdness.




ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was found guilty of public lewdness (Penal Law § 245.00 [a]).
Defendant's challenge to the legal sufficiency of the evidence is preserved for appellate review since he raised these same contentions with specificity before the Criminal Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was sufficient to establish, beyond a reasonable doubt, defendant's guilt of public lewdness (see People v Conde, 46 Misc 3d 142[A], 2015 NY Slip Op 50172[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Dolan, 34 Misc 3d 159[A], 2012 NY Slip Op 50442[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Young, 34 Misc 3d 137[A], 2011 NY Slip Op 52406[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, and particularly the consistent testimony of the two impartial eyewitnesses to the incident who both clearly viewed defendant's lewd act in a public place, we find no basis to disturb the Criminal Court's credibility determinations and, as a result, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v James, 31 Misc 3d 130[A], 2011 NY Slip Op 50575[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment of conviction is affirmed.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 24, 2017