People v Williams (2018 NY Slip Op 03158)





People v Williams


2018 NY Slip Op 03158


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2014-09771
 (Ind. No. 9387/13)

[*1]The People of the State of New York, respondent,
v
Keylester Williams, appellant.


Paul Skip Laisure, New York, NY (Laura B. Tatelman and Laura Indellicati of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered April 3, 2014, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In January 2012, the defendant and his friend, after a night of drinking, became involved in a physical altercation during which the defendant stabbed the friend, causing his death. As a result of this incident, the defendant was charged with murder in the second degree and criminal possession of a weapon in the fourth degree. In October 2013, after a jury trial, the defendant was acquitted of murder in the second degree. The jury was unable to reach a verdict on the lesser-included offense of manslaughter in the first degree, and the Supreme Court declared a mistrial. In November 2013, the defendant was re-indicted and charged with manslaughter in the first degree (Penal Law § 125.20[1]), and manslaughter in the second degree (Penal Law § 125.15[1]). After another jury trial, the defendant was convicted of manslaughter in the second degree.
The defendant's contention that the evidence was legally insufficient to support his conviction of manslaughter in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Finger, 95 NY2d 894, 895; People v Gray, 86 NY2d 10, 19-21). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that offense beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court