The People of the State of New York, Respondent, 
against
Mark Davies, Appellant.




Mark J. Davies, appellant pro se.
Nassau County Attorney's Office (Nicholas Vevante of counsel), for respondent.

Appeal from two judgments of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (Zelda Jonas, J.H.O.), rendered September 15, 2014. Each judgment convicted defendant, after a nonjury trial, of parking a vehicle in a wrong direction, and imposed sentence.




ORDERED that the judgments of conviction are affirmed.
Defendant was charged, in each of two separate simplified traffic informations, with parking a vehicle in a wrong direction (Vehicle and Traffic Law § 1203 [c]). Following a nonjury trial, defendant was convicted as charged.
To the extent that defendant's argument on appeal may be construed as a challenge to the legal sufficiency of the evidence, the claim is unpreserved, as defendant failed to move to dismiss the charges on that ground at trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19-20 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient.
Vehicle and Traffic Law § 1203 (c) provides, "Except where angle parking is authorized, every vehicle stopped, standing, or parked partly upon a roadway shall be so stopped, standing, or parked parallel to the curb or edge of the roadway. On a one-way roadway such vehicle shall be facing in the direction of authorized traffic movement; on a two-way roadway such vehicle shall be facing in the direction of authorized traffic movement on that portion of the roadway on which the vehicle rests." At trial, the ticketing officer testified, and defendant did not dispute, that defendant had parked his two vehicles on a street in such a direction that the vehicles' left [*2]sides were adjacent to the curb. The ticketing officer further testified—and defendant acknowledged—that vehicles could enter the street from both ends thereof and that there was no traffic sign indicating that the street was a one-way street. Thus, through defendant's admission and the officer's testimony, the People established beyond a reasonable doubt that defendant had violated Vehicle and Traffic Law § 1203 (c) by parking his vehicles in a direction against authorized traffic movement. Furthermore, upon the exercise of our factual review power, we find that the verdicts of guilt were not against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Romero, 7 NY3d 633, 644 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]).
Accordingly, the judgments of conviction are affirmed.
MARANO, P.J. GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 06, 2018