People v Cruz (2020 NY Slip Op 02058)





People v Cruz


2020 NY Slip Op 02058


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-06897
 (Ind. No. 1015/17)

[*1]The People of the State of New York, respondent,
v
Brandon Cruz, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani and Anju Alexander of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered May 17, 2018, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his conviction of criminal possession of a weapon in the second degree in violation of Penal Law § 265.03(3) was not supported by legally sufficient evidence on the ground that he lacked the requisite mens rea of knowingly possessing a loaded firearm is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19; People v Ealey, 176 AD3d 735, 735). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that the defendant knowingly possessed a loaded firearm in violation of Penal Law § 265.03(3). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court