People v Garcia (2020 NY Slip Op 04319)





People v Garcia


2020 NY Slip Op 04319


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2017-06023
 (Ind. No. 1151/15)

[*1]The People of the State of New York, respondent,
v
Luis Garcia, appellant.


Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Evelyn L. Braun, J.), rendered May 16, 2017, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with various offenses stemming from his participation, with two others, in an assault that took place on May 11, 2015. Following a nonjury trial, the defendant was convicted of assault in the second degree, criminal possession of a weapon in the fourth degree, and endangering the welfare of a child.
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish his guilt of the crimes of which he was convicted beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the sentence imposed on the conviction of assault in the second degree was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court