People v Brown (2020 NY Slip Op 51559(U))

[*1]

People v Brown (Isaac)

2020 NY Slip Op 51559(U) [70 Misc 3d 132(A)]

Decided on December 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1350 N CR

The People of the State of New York,
Respondent,
against
Isaac Brown, Appellant. 

Isaac Brown, appellant pro se.
Meyer, Souzzi, English & Klein, P.C. (A. Thomas Levine of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Rockville Centre, Nassau
County (William J. Croutier, Jr., J.), rendered July 25, 2019. The judgment, after a nonjury trial,
convicted defendant of using a mobile telephone while operating a motor vehicle, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with using a mobile telephone
while operating a motor vehicle (Vehicle and Traffic Law § 1225-c [2] [a]). Following a
nonjury trial, the Justice Court found defendant guilty of the charge.
To the extent that defendant's contention on appeal is viewed as a legal insufficiency claim, it
is not preserved for appellate review since defendant failed to move to dismiss the charge
following the close of all of the evidence at trial (see CPL 470.05 [2]; People v
Gray, 86 NY2d 10, 19-20 [1995]), and we decline to review it as a matter of discretion in the
interest of justice (see People v
Devaul, 60 Misc 3d 130[A], 2018 NY Slip Op 50993[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]). However, upon a defendant's request, this court must conduct a
weight of the evidence review and, thus, "a defendant will be given one appellate review of
adverse factual findings" (People v
Danielson, 9 NY3d 342, 348 [2007]). In fulfilling our responsibility to conduct an
independent review of the weight of the evidence (see CPL 470.15 [5]), we nevertheless
accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony
and observe their demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v
Bleakley, 69 NY2d 490, 495 [1987]). If it appears that the trier of fact has given the evidence
the weight it should be accorded, the verdict should not be disturbed (see CPL 470.15 [5];
Danielson, 9 NY3d 342). Upon a review of the record, we are satisfied that the [*2]verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633
[2006]; People v Asvazadourain, 59
Misc 3d 137[A], 2018 NY Slip Op 50567[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2018]; People v Tzotzchev, 43
Misc 3d 138[A], 2014 NY Slip Op 50709[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2014]).
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 24, 2020