People v Douglas (2021 NY Slip Op 50631(U))

[*1]

People v Douglas (Gregory)

2021 NY Slip Op 50631(U) [72 Misc 3d 130(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2016-2087 K CR

The People of the State of New York,
Respondent,
against
Gregory Douglas, Appellant. 

Appellate Advocates (Stephanie Sonsino and Priya Raghavan of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Jodi L. Mandel and Daniel Rosenblum of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Dena Douglas, J.), rendered August 10, 2016. The judgment, after a nonjury trial, convicted
defendant of attempted assault in the third degree, menacing in the third degree, and harassment
in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, at which two of the officers who had witnessed defendant's
conduct which gave rise to the charges testified, as did defendant, the Criminal Court found
defendant guilty of attempted assault in the third degree (Penal Law §§ 110.00, 120.00
[1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second
degree (Penal Law § 240.26 [1]).
To the extent that any of defendant's contentions on appeal are viewed as legal insufficiency
claims, they are not preserved for appellate review since, based upon the existing record, he
failed to raise these same arguments with specificity before the Criminal Court (see CPL
470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86
NY2d 10, 19 [1995]). However, upon a defendant's request, this court must conduct a weight of
the evidence review and, thus, "a defendant will be given one appellate review of adverse factual
findings" (People v Danielson, 9 NY3d 342, 348 [2007]). "Necessarily, in conducting its
weight of the evidence review, a court must consider the elements of the crime, for even if the
prosecution's [*2]witnesses were credible their testimony must
prove the elements of the crime beyond a reasonable doubt" (Danielson, 9 NY3d at 349).
Upon the exercise of our factual review power (see CPL 470.15 [5]; Danielson, 9
NY3d at 348-349), while according great deference to the trier of fact's opportunity to view the
witnesses, hear their testimony, observe their demeanor, and assess their credibility (see
People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495
[1987]), we are satisfied that the verdicts convicting defendant of attempted assault in the third
degree, menacing in the third degree, and harassment in the second degree were not against the
weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021