People v Fuller (2023 NY Slip Op 01396)

People v Fuller

2023 NY Slip Op 01396

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

135 KA 17-00893

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FITZALBERT FULLER, JR., DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered March 20, 2017. The judgment convicted defendant upon a jury verdict of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the third degree (Penal Law § 140.20), defendant contends that he was deprived of a fair trial by Supreme Court's Sandoval ruling, which permitted the People to impeach him with his prior convictions for three theft-related misdemeanors and one felony (see People v Sandoval, 34 NY2d 371, 374 [1974]). We reject defendant's contention. We conclude that the convictions in question "involved acts of dishonesty and thus were probative with respect to the issue of defendant's credibility" (People v Thomas, 165 AD3d 1636, 1637 [4th Dept 2018], lv denied 32 NY3d 1129 [2018], cert denied — US &mdash, 140 S Ct 257 [2019] [internal quotation marks omitted]). We further conclude on this record that defendant failed to meet his burden "of demonstrating that the prejudicial effect of the admission of evidence [of the prior convictions] for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" (Sandoval, 34 NY2d at 378; see Thomas, 165 AD3d at 1638).
Defendant further contends that the evidence is legally insufficient to establish that he committed burglary in the third degree and that the verdict is against the weight of the evidence. There is no dispute that defendant stole items from a store from which he had previously been banned. Defendant nevertheless contends that the People failed to prove that he intended to commit a crime when he entered the store, as opposed to after he entered. Contrary to defendant's contention, we conclude that, viewing the evidence in the light most favorable to the People, " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found . . . beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]) that defendant intended to commit a crime when he entered the store. Defendant failed to preserve for our review his additional contention that the evidence is legally insufficient to establish that he knew that he had been banned from the store and that his entry was therefore unlawful (see CPL 470.05 [2]; see generally People v Gray, 86 NY2d 10, 19 [1995]).
Finally, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court