People v Perry (2024 NY Slip Op 04920)

People v Perry

2024 NY Slip Op 04920

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Ind. No.1389/21 Appeal No. 2723, M-4242 Case No. 2023-02647 

[*1]The People of the State of New York, Respondent,
v
William Perry, Defendant-Appellant, Prof. Eugene Volokh, Amicus Curiae.

Shapiro Arato Bach LLP, New York (Julian S. Brod of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.
The Law Offices of Nathaniel Z. Marmur, New York (Nathaniel Z. Marmur of counsel), for Prof. Eugene Volokh, amicus curiae.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered April 24, 2023, convicting defendant, after a jury trial, of two counts of criminal contempt in the second degree, three counts of stalking in the fourth degree, and harassment in the first degree, and sentencing him to three years of probation, unanimously affirmed.
Defendant's argument that the People presented legally insufficient evidence as to all six counts of conviction, embracing three separate crimes, is unpreserved and we decline to review it in the interest of justice. Counsel did not argue that the evidence was insufficient to establish that defendant's speech was directed at the victims or that there was no legitimate purpose to defendant's speech. Counsel did not direct the court's attention to the insufficiency arguments defendant now advances as required by CPL 470.05 (see People v Gray, 86 NY2d 10, 19 [1995]). Nor did counsel preserve these issues as to the assistant district attorney or to the mother of the assistant district attorney.
Counsel also failed to specifically argue how the evidence was legally insufficient to prove that defendant knew or should have known that his conduct was likely to cause his ex-girlfriend, the assistant district attorney or the mother of the assistant district attorney, "reasonable fear of material harm to the physical health, safety or property of such person, a member of such person's immediate family or a third party with whom such person is acquainted" (Penal Law § 120.45[1]).
Finally, counsel failed to preserve his First Amendment claims, raised for the first time on appeal.
Defendant's ineffective assistance claim is unreviewable on direct appeal, as it involves matters not fully explained by the record. Thus, the claim should be raised by way of a CPL 440.10 motion (see People v Peyrefitte, 210 AD3d 438, 438 [1st Dept 2022]). To the extent the record permits review, we find that defendant received
effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
M-4242 People v William Perry
 Motion by Prof. Eugene Volokh for leave to appear as amicus curiae, granted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024